UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CASE NO. 20-CV-00577

EPIC TECH, LLC and WINTER SKY, LLC,

    Plaintiffs,

v.

ARNO RESOURCES, LLC,

    Defendant.

                                      /

## NOTICE OF REMOVAL

Defendant Arno Resources, LLC ("Defendant"), files this Notice of Removal of this civil action pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

1. Defendant is the only defendant in this civil action brought by Plaintiffs Epic Tech, LLC and Winter Sky, LLC ("Plaintiffs"), in the District Court of the 261st Judicial District in and for Travis County, Texas, styled *Epic Tech, LLC and Winter Sky, LLC v. Arno Resources, LLC*, Case No. D-1-GN-20-02870.

2. The Petition initiating this action, attached hereto as Exhibit A, was filed with the state court on May 29, 2020. The Complaint has not been served on Defendant.

3. This Notice of Removal is being filed within a year of the lawsuit being filed. It is therefore timely filed under 28 U.S.C. § 1446(b).

4. This case is removable pursuant to 28 U.S.C. § 1441(b) due to diversity of citizenship and allegations in the Complaint of an amount in controversy in excess of $75,000, exclusive of interest and costs. Both Plaintiffs are Delaware limited liability companies the members of which are citizens of states other than the State of Texas. Defendant is a Texas limited

liability company the members of which members are citizens of the State of Texas. The Court therefore has jurisdiction, as complete diversity exists under 28 U.S.C. § 1332.

5. The amount in controversy in this action also satisfies the requirements for diversity jurisdiction under 28 U.S.C. § 1332. Where, as here, a suit seeks equitable remedies such as declaratory judgment, the amount in controversy is determined by the value of the object of the litigation. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). For purposes of this analysis, the "value of the object of the litigation" is the "pecuniary result" that would flow to either party if the court were to grant declaratory relief. *Id.* This action for declaratory relief is an anticipatory suit filed by Plaintiffs in an effort to "race to the courthouse" before Defendant filed its own suit against the Plaintiffs for unlawfully using Defendant's gaming software and source code. (*See* Petition ¶ 22.) In their Petition, Plaintiffs seek a declaratory judgment that they were released from any liability pursuant to a settlement agreement entered into by the predecessors-in-interest to the parties to this suit.

6. In its putative suit, which Defendant is shortly filing in the Northern District of Georgia as it intended to do prior to Plaintiffs' race to the courthouse, Defendant seeks damages in excess of $75,000.00. (*See* Ex. C to Petition.) Based upon discovery taken in other matters, the annual net revenue of Plaintiffs and their affiliated entities that Defendant intends to sue are in excess of $100,000,000.00. Defendant's predecessor-in-interest charged a 8% license fee based on net revenue. Therefore, under one measure of Defendant's damages, the cost of legitimately licensing Defendant's gaming software and source code—which has proven to be extremely popular and successful—at the scale at which Plaintiffs have illegitimately used it would be tens of millions of dollars. Moreover, Plaintiffs allege in their Petition that the cost of developing the software and source code was $447,000 back in 2004—this is thus evidence of the minimum

amount that Plaintiffs would have needed to pay had they legitimately purchased the software and source code for their own use. (Petition at ¶ 7.) Even this far smaller number clears the jurisdictional threshold. In sum, because a declaratory judgment in this action would potentially implicate Defendant's ability to prosecute its tort claims against the Plaintiffs, and because the damages arising from those tort claims exceed $75,000, the amount in controversy here more than satisfies the jurisdictional requirement of 28 U.S.C. § 1332.

7. Written notice of the filing of this Notice of Removal has been contemporaneously served on counsel for Plaintiffs as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as Exhibit B. A duplicate copy of this Notice of Removal will also be filed with the District Clerk for the District Court of the 261st Judicial District in and for Travis County, Texas, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby removes this action to this Honorable Court.

Dated: May 31, 2020	Respectfully submitted,

By:

*/s/ Matthew R. Beatty*
Matthew R. Beatty, Esq.
State Bar No. 24001169
**BEATTY NAVARRE STRAMA PC**
901 S Mo PAC Expy Ste 200 Bldg 1
Austin, TX 78746-5759
Tel.: 512-879-5050
mbeatty@bnsfirm.com

-and-

Justin B. Kaplan, Esq.
Florida Bar No. 33725
Elaine Kussurelis
Florida Bar No. 1019234
**DIFALCO FERNANDEZ KAPLAN**
777 Brickell Avenue, Suite 630
Miami, Florida 33131
Tel.: 305-569-9800
Fax: 866-569-0666
Jkaplan@dfkfirm.com
elaine@dfkfirm.com

Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
Joshua Truppman, Esq.
Florida Bar No. 11795
**BRODSKY FOTIU-WOJTOWICZ, PLLC**
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
joshua@bfwlegal.com
docketing@bfwlegal.com

(*pro hac vice applications forthcoming*)