# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

## CASE NO. 20-CV-00577

EPIC TECH, LLC and WINTER SKY, LLC,

      Plaintiffs,

v.

ARNO RESOURCES, LLC,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS OR TRANSFER

Defendant Arno Resources, LLC ("Arno Resources"), by and through undersigned counsel, hereby moves to dismiss or transfer the petition for declaratory relief (the "Declaratory Action") filed by Plaintiffs Epic Tech, LLC and Winter Sky, LLC.

The Declaratory Action is duplicative of a suit filed by Arno Resources against them and other non-party defendants that is currently pending in the United States District Court of the Northern District of Georgia.  It is also an improper anticipatory suit filed to deprive Arno Resources of its chosen forum and further presents the very real specter of inconsistent rulings given that Arno Resources' claims against the other defendants in its suit in the Northern District of Georgia—who are not parties here and are likely not subject to personal jurisdiction in this Court—will proceed regardless of the outcome of this suit.  Moreover, this Declaratory Action seeks adjudication of only one of many issues that will be determined in Arno Resources' coercive action pending in the Northern District of Georgia—the applicability of a single affirmative defense to Arno Resources' claims.  Allowing this matter to proceed therefore affirmatively disserves judicial economy.

For these reasons, Epic Tech and Winter Sky's improper, anticipatory Declaratory Action should be either dismissed or transferred, and they should answer the complaint pending against them in the United States District Court for the Northern District of Georgia.

## FACTUAL BACKGROUND

Arno Resources is the assignee of certain proprietary game terminal and back-end software (the "Software") required to operate promotional gaming applications.  The Software was developed by Customs Game Design, Inc. ("CGD") pursuant to a Development Agreement (the "Development Agreement") with Gateway Gaming, Inc.  The gaming applications developed by CGD were used by Gateway Gaming in terminals or game stations in physical locations in Georgia and throughout the United States.  These terminals or game stations would present digital promotional games, which individuals would pay to play.  These physical game stations would then connect to servers running the Software owned exclusively by CGD and now Arno Resources.

To allow the games to fully function, Gateway Gaming received a non-transferrable perpetual worldwide license to utilize CGD's proprietary Software required to operate the promotional gaming applications (the "Software").   The worldwide license was non-exclusive, non-transferable, and did not authorize Gateway to sub-license, sell or distribute the source code or Software to any third party, without written consent from CGD.  CGD timely finished creating the promotional gaming applications.

From 2004 through 2012, CGD permitted Gateway Gaming to use its worldwide license under the terms of the Development Agreement.  Initially, Gateway Gaming was the only licensee of the system and Software; and CGD transmitted updates as the development progressed pursuant to the terms of the Development Agreement.  As it was permitted to do, CGD also licensed this Software to others in addition to Gateway Gaming in exchange for a percentage of revenue derived

from gaming machines.  These third parties would receive an executable system and would not obtain the source code or right to sublicense CGD's Software.

In August 2013, Gateway Gaming and Gateway Gaming's Principals were indicted in the United States District Court for the District of South Carolina for money laundering and illegal gambling; to which they pleaded.  Sometime thereafter, Gateway Gaming's principals, Bob Mosely, Sr. and J.M Caldwell ("Gatweway Gaming's Principals") caused Gateway Gaming to transfer Gateway Gaming's assets to Red Rock Investments, LLC ("Red Rock")—including the non-transferrable license to use the Software—which then purportedly transferred same to Plaintiff Epic Tech, LLC and Frontier Software Systems, LLC ("Frontier").  Plaintiff Epic Tech, Red Rock, and Frontier, as well as, on information and belief, Crimson Sky, LLC ("Crimson I"), Crimson Sky II ("Crimson II"), LLC, and Plaintiff Winter Sky (collectively, the "Corporate Parties") are companies owned and controlled by Gateway Gaming's Principals or their family members, including without limitation Starita Mosely, Tim Caldwell, Bob Mosley, Jr., and Erik Nordin.  All of these companies, including Epic Tech and Winter Sky, have their principal place of business in Georgia, and all the individuals are wither citizens of Georgia, Florida, or South Carolina.

The assignments constituted a fraudulent scheme by which Gateway Gaming's Principals could and did continue to profit off of CGD's Software, with the assistance of their family members and close associates, despite being prohibited from assigning Gateway Gaming's license therein.  Neither Red Rocks nor Epic Tech (and certainly the other Corporate Parties) could obtain an assignment of any rights under the Development Agreement absent written consent from CGD. Neither Red Rock nor Epic Tech or the other Corporate Parties, therefore, obtained any right to Gateway Gaming's "worldwide license to use and modify all source code and documentation"

3

related to the Software or software required to operate the game terminals, including but not limited to the central server, game terminals, management terminals, and cashier terminals.

Nonetheless, upon information and belief, to this day, the Corporate Defendants continue to unlawfully use the Software and source code developed, written and licensed by CGD in the United States and Europe without authorization, without license and without paying CGD any royalty or otherwise compensating CGD for the use of the source code and Software. Even worse, upon information and belief, the Corporate Parties are unlawfully themselves licensing the CGD Software and source code to other third parties – for their own financial benefit – without obtaining CGD's consent and without paying CGD any compensation for the continued unlawful use of CGD's proprietary Software.

Meanwhile, on February 28, 2017, CGD entered into a software assignment agreement with Arno Resources (the "Software Assignment Agreement"). Pursuant to the Software Assignment Agreement, CGD granted, conveyed and assigned to Arno Resources all rights, title and interest to the Software, including rights to bring suit arising from misuse of the Software.

Based on the misconduct detailed above, Arno Resources prepared to take legal action against Epic Tech, Winter Sky, Frontier, Crimson I, Crimson II, Gateway Gaming, Gateway Gaming's Principals, Starita Mosley, J. Michael Caldwell, Tim Caldwell, and Erik Nordin—over none of whom this Court likely has personal jurisdiction. Arno Resources' counsel prepared a draft lawsuit against Epic Tech, Winter Sky, and these other parties asserting claims for common law and Georgia statutory unfair competition, unjust enrichment, violations of Georgia's Uniform Deceptive Trade Practices Act, civil conspiracy, aiding and abetting a breach of contract through fraud, and injunctive relief.

On May 13, 2020, Arno Resources' counsel sent pre-suit demand letters to Epic Tech and

4

Winter Sky.  The demand letters, included as Exhibit 4 to Plaintiffs' Original Petition, attached a copy of the draft lawsuit which contained allegations mirroring those set forth above.  On Thursday, May 21, 2020, counsel for Epic Tech wrote an email to counsel for Arno Resources acknowledging receipt of the demand letter and asking for a copy of the attached draft complaint that they were unable to obtain due to the COVID-19 pandemic.  (*See* Declaration of B. Brodsky, attached hereto as Exhibit 1, at Ex. A.)  On the following Tuesday, May 26, 2020, counsel for Epic Tech advised counsel for Arno Resources that he was going to review with his client and "get back to you with our position." (*Id.*)

Rather than follow through on their suggestion of good faith negotiations, three days later, on Friday, May 29, 2020, Epic Tech and Winter Sky filed this Declaratory Action against Arno Resources in the District Court of the 261st Judicial District in and for Travis County, Texas.  *See* Original Petition (ECF. No. 1-1).  In the Original Petition, Plaintiffs *expressly concede* that they filed this action in anticipation of Arno Resources' suit.  *Id.* ¶¶ 22, 28 ("Arno has sent communications to Plaintiffs threatening to bring a suit based on those released claims. . .  A justiciable controversy exists based upon Arno's recent threats of litigation, which allege violations of the Development Agreement, and claim ownership over the intellectual property made the subject of the Development Agreement.").  Plaintiffs also attached Arno Resource's demand letter and draft complaint as an exhibit to the Original Petition.  (*See* ECF No. 1-1 at 52-76.)  The gravamen of the Declaratory Action is a request for determination of one of Epic Tech and Winter Sky's expected affirmative defense to Arno Resource's claims—they contend that they are not liable under a theory of accord and satisfaction based on an earlier settlement agreement between CGD and Gateway Gaming.

As it intended to do if pre-suit negotiations were not fruitful—as they proved not to be—

Arno Resources filed its complaint against Epic Tech, Winter Sty, Frontier, Crimson I, Crimon II, Gateway Gaming, Gateway Gaming's Principals, Starita Mosley, J. Michael Caldwell, Tim Caldwell, and Erik Nordin in the United States District Court for the Northern District of Georgia on June 17, 2020.  *See Arno Resources, LLC v. Epic Tech, LLC, et al.*, Case No. 1:20-cv-02540-CAP (N.D. Ga.) (hereafter the "Northern District of Georgia Action"), attached hereto as Exhibit 2.

As the record makes abundantly clear – and as Epic Tech and Winter Sky readily admit in their Original Petition for declaratory relief – this action was filed purely in anticipation of Arno Resources' Northern District of Georgia Action in an effort to wrestle away control and deprive Arno Resources of its chosen forum—and likely the only forum in which all defendants could be joined.  Accordingly, based on the law discussed below, this action should be dismissed or transferred to the Northern District of Georgia.

## ARGUMENT

### A.    This Action Should be Dismissed as an Improper Anticipatory Suit.

"The federal courts have long recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *West Gulf Maritime Ass'n v. ILA Deep Sea Local*, 751 F.2d 721, 730 (5th Cir. 1985). The general principle in the interrelation of federal district courts is to avoid duplicative litigation. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).  Federal courts should therefore try to avoid the waste of this duplication as well as rulings which may trench upon the authority of sister courts and piecemeal resolution of issues that call for a uniform result. *West Gulf Maritime Ass'n*, 751 F.2d at 729.

The Fifth Circuit generally follows the first-to-file rule, which provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). However, courts of this circuit will not apply the "first-to-file" rule where one party files its lawsuit "in anticipation" of an impending suit by the opposing party and there is substantial overlap between the two suits. *Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661, 663 (5th Cir. 1967).

Moreover, courts of this circuit have consistently held that, where a declaratory judgment action is filed in anticipation of a lawsuit seeking coercive relief—as in this case—the declaratory action should be dismissed.[1] *See, e.g., Pac. Emp'rs Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985) ("This Court has stated that a proper factor to consider in dismissing a declaratory judgment suit is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping."); *TK Holdings, Inc. v. Ordonez*, No. 1:17-CV-250-LY, 2017 WL 2923829, at *3 (W.D. Tex. July 6, 2017) (district courts will not "allow a party to secure a more favorable forum by filing an action for declaratory judgment when it has notice that the other party intends to file suit involving the same issues in a different forum"); *Twin City Ins. Co. v. Key Energy Servs., Inc.*, No. CIV A H–09–0352, 2009 WL 1544255, at *5 (S.D. Tex. June 2, 2009) ("the primary reason courts have recognized the anticipatory suit exception to the first-to-file rule is to avoid penalizing a party that has attempted to settle a dispute out of court."); *Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, No. CIV.A. 3-07CV2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008) (quoting *Frank's Tong Service, Inc. v. Grey Wolf*

---

[1] Though Plaintiffs' action seeks declaratory relief under the Texas Declaratory Judgment Act, upon removal it is to be considered as originating under the Federal Declaratory Judgment Act. *See Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 555 (S.D. Tex. 2015).

*Drilling Co., L.P.*, No. H-07-637, 2007 WL 5186798, *4 (S.D. Tex. Sept.11, 2007)) ("In these cases, deferring to the plaintiff's choice of forum "create[s] disincentives to responsible litigation by rewarding the winner of a race to the courthouse."); *Kinetic Concepts, Inc. v. Connetics Corporation*, No. Civ. A. SA-04-CA0237XR, 2004 WL 2026812, at *3-4 (W.D. Tex. Sept.8, 2004) (concluding that the declaratory judgment plaintiff filed suit for the improper reason of subverting the real plaintiff's advantage); *Capco International, Inc. v. Haas Outdoors, Inc.*, No. Civ. A. 3:03-CV-2127G, 2004 WL 792671, at *4 (N.D. Tex. Apr.9, 2004) (citing *Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 387-89 (5th Cir. 2003)) (holding that the declaratory plaintiff's suit was brought "not for reasons supported by the purposes of the Declaratory Judgment Act, but for the improper reason of 'subverting the real plaintiff's advantage' in a forum of [the plaintiff's] choosing") (citation omitted); P*eyman v. Optobionics Merger Corporation*, No.02-3332, 2003 WL 193443, at *3 (E.D. La. Jan.23, 2003) (quoting *Great American Insurance Company v. Houston General Insurance Company*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990)). ("[M]isuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action.").

Here, on May 13, 2020, Arno Resources' counsel sent pre-suit demand letters to Epic Tech and Winter Sky. The demand letters, included as Exhibit 4 to Plaintiffs' Original Petition, attached a copy of the draft lawsuit which contained allegations mirroring those set forth above. On Thursday, May 21, 2020, counsel for Epic Tech wrote an email to counsel for Arno Resources acknowledging receipt of the demand letter and asking for a copy of the attached draft complaint that they were unable to obtain due to the COVID-19 pandemic. (*See* Declaration of B. Brodsky, attached hereto as Exhibit 1, at Ex. A.) Five days later, on the following Tuesday, May 26, 2020,

counsel for Epic Tech advised counsel for Arno Resources that he was going to review with his client and "get back to you with our position." (*Id.*)  Rather than follow through on their own suggestion of good faith negotiations, Epic Tech and Winter Sky filed this Declaratory Action three days later.    Arno Resources then filed its draft complaint in the Northern District of Georgia on June 17, 2020.

Numerous courts have dismissed or transferred declaratory judgment actions filed under precisely these circumstances as duplicative, unnecessary and improper.  *See, e.g., Pac. Emp'rs Ins. Co*, 751 F.2d 801 (affirming dismissal of first-filed anticipatory declaratory suit brought two months prior to coercive action); *TK Holdings, Inc. v. Ordonez*, 2017 WL 2923829, at *3 (W.D. Tex. July 6, 2017) (dismissing anticipatory declaratory suit before second filed action was even brought); *Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, 2008 WL 3890495, (transferring anticipatory declaratory suit); *Kinetic Concepts, Inc. v. Connetics Corporation*, 2004 WL 2026812, at *3-4 (W.D. Tex. Sept.8, 2004) (dismissing anticipatory declaratory suit as an improper attempt to deprive defendant of its choice of forum); *Capco International, Inc. v. Haas Outdoors, Inc.*, 2004 WL 792671 (dismissing anticipatory declaratory suit in favor of suit filed by defendant a day later pending in another district court); *Peyman v. Optobionics Merger Corporation*, 2003 WL 193443 (dismissing anticipatory declaratory suit in favor of suit filed by defendant a day later pending in another district court).

The record, and the law, is crystal clear.  This declaratory judgment action filed by Epic Tech and Winter Sky is an improper anticipatory action, designed solely to prevent Arno Resources from bringing its claims against these entities and other in the forum of its choosing. This improper action should therefore be dismissed.

**B.      The Court Should Also Decline Jurisdiction Pursuant to the *Trejo* Factors.**

The Court should also dismiss this suit upon application of the non-exclusive "*Trejo*" factors set forth below. "In determining whether the district court acted correctly it is important to consider the nature of a declaratory judgment." *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983).   "The Declaratory Judgment Act, 28 U.S.C. § 2201, confers no jurisdiction but is a procedural device designed to provide a new remedy to the federal court arsenal." *Id.* (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-240, (1937). "The district court, however, is not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action." *Id.* (citations omitted). "As was stated in D*resser Industries, Inc. v. Ins. Co. of North America*, 358 F.Supp. 327, 330 (N.D.Tex.), *aff'd*, 475 F.2d 1402 (5th Cir.1973), the Declaratory Judgment Act 'gives the court a choice, not a command.'"  *Id.*

In *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994), the Fifth Circuit identified seven nonexclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7) whether the federal court is being called on to construe a state judicial decree

involving the same parties and entered by the court before whom the parallel state
suit between the same parties is pending.

"In the declaratory judgment context, the normal principle that federal courts adjudicate claims

within their jurisdiction yields to considerations of practicality and wise judicial administration."

Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 389 (5th Cir. 2003). District courts apply

the *Trejo* factors in determining whether to dismiss one pending federal suit in favor of another.

*See, e.g.*, *Sport Supply Grp., Inc. v. R&G Prod., Inc.*, No. 3:08-CV-02031-O, 2009 WL 10677398,

at *3 (N.D. Tex. Sept. 30, 2009).  Each one of these factors weighs in favor of dismissal.

As to the first factor, there is a pending action in the Northern District of Georgia in which

all of the matters in controversy may be resolved, including the subject of the Declaratory

Judgment Action—i.e., whether the settlement agreement between CGD and Gateway Gaming

bars Arno Resources' claims against Epic Tech and Winter Sky.  By contrast, the instant suit will

not address Arno Resources' coercive claims for damages and injunctive relief, nor will it

adjudicate Arno Resource's claims against the ten defendants who are not parties here.

As to the second and third factors, as shown above, the instant Declaratory Action was

plainly filed in anticipation of Arno Resource's own lawsuit and to deprive it of its chosen forum

in the Northern District of Georgia.

As to the fourth factor and fifth factors, the Northern District of Georgia is plainly the more

convenient forum and it would be inequitable to deprive Arno Resources of a forum in which it is

likely to obtain personal jurisdiction over all the defendants.   The principal place of business of

Epic Tech, Winter Sky, and the other defendants in Arno Resources' pending suit in the Northern

District of Georgia are have their principal places of business in the Northern District of Georgia.

The individual defendants are all either citizens of Georgia or of Florida and South Carolina, its

neighboring states.  Upon information and belief, both specific and general personal jurisdiction

lies in the Georgia for all the defendants in Arno Resources' suit. All or most documents and witnesses are located in the Northern District of Georgia and this is where all discovery will therefore take place.

As to the sixth factor, judicial economy clearly favors resolving all of Arno Resources' claims against all defendants—rather than a single defense raised by two of a dozen defendants—in one forum, the Northern District of Georgia.  As Arno Resources' suit will proceed regardless of whether this Court retains jurisdiction over the Declaratory Action, the risk of inconsistent result is manifest.

Finally, as to the seventh factor, while a state decree is not at issue, some of Arno Resources' claim do arise under Georgia statutes, and a Georgia court is therefore the best forum for that state statute to be applied.

## C.      Alternatively, the Court Should Transfer this Suit to the Northern District of Georgia.

Alternatively, in the event the Court declines to dismiss this Declaratory Action, it should transfer the case to the Northern District of Georgia so that it can be tried along with the Northern District of Georgia Action.  Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this statute is to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration. *Matosky v. Manning*, No. SA-07-CV-051-WRF, 2007 WL 1512027, *2 (W.D. Tex. May 18, 2007).

A district court must consider four private interest and four public interest factors when determining whether to grant a motion to transfer. *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors are: (1) the relative ease of access

to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems regarding conflict of laws or the application of foreign law. *Id.*

Here, with respect to the private interest factors, Epic Tech and Winter Sky both have their principal place of business in the Northern District of Georgia. Thus, their employees, agents, and principals who are likely to be witnesses and the documentation, data, and other information relating to their tortious misuse of Arno Resources' intellectual property are likely situated in the venue of the Northern District of Georgia Action. Because of the geographic limitations of the Court's subpoena power under Fed. R. Civ. 45(c), the attendance of these witnesses at trial may not be compelled. Perhaps most significantly, from a practical perspective, it is a complete waste of judicial resources to have two parallel cases proceeding at the same time, where one of the fora has jurisdiction over all the parties (the Northern District of Georgia Action) and the other likely has jurisdiction over only two (this Declaratory Action). Additionally, it is extremely wasteful for this Court to determine a discrete issue—whether Epic Tech and Winter Sky can avail themselves of an affirmative defense of accord and satisfaction—rather than having the court in the Northern District of Georgia Action determine this issue in the context of the larger dispute and Arno Resources' coercive claims. The practical problems that make trial of a case easy, expeditious and inexpensive therefore militate in favor of transfer to the Northern District of Georgia.

With respect to the public interest factors, the Northern District of Georgia Action (and this

action derivatively) turn on whether Georgia companies (owned or aided by Georgia, Florida, and South Carolina citizens) committed torts under Georgia law against Arno Resources.   The Northern District of Georgia has at least the same local interest of this Court, and it also has a far greater familiarity with the application of its own law.   The public interest is served by having the entire dispute decided in the Northern District of Georgia Action.

## **<u>CONCLUSION</u>**

In sum, as Epic Tech and Winter Sky admit in their Original Petition, this action is an improper, anticipatory suit designed solely to preempt Arno Resources action against them, deny Arno Resources the opportunity for complete relief against all parties, and thwart Arno Resources' choice of forum in Northern District of Georgia.   For this reason, the Court should exercise its discretion and either dismiss or transfer this complaint for declaratory relief.

WHEREFORE, Defendant Arno Resources respectfully moves the Court for a dismissal of this action or a transfer to the Northern District of Georgia, for an award of attorneys' fees and costs, and for such other relief that the Court deems just and proper.

Dated: June 18, 2020                     Respectfully submitted,

                                         By:

                                              */s/ Matthew R. Beatty*
                                              Michael L. Navarre, Esq.
                                              State Bar No. 00792711
                                              Matthew R. Beatty, Esq.
                                              State Bar No. 24001169
                                              **BEATTY NAVARRE STRAMA PC**
                                              901 S Mo PAC Expy Ste 200 Bldg 1
                                              Austin, TX 78746-5759
                                              Tel.: 512-879-5050
                                              mbeatty@bnsfirm.com

                                         -and-

                                              Justin B. Kaplan, Esq.
                                              Florida Bar No. 33725
                                              Elaine Kussurelis
                                              Florida Bar No. 1019234
                                              **DIFALCO FERNANDEZ KAPLAN**
                                              777 Brickell Avenue, Suite 630
                                              Miami, Florida 33131
                                              Tel.: 305-569-9800
                                              Fax: 866-569-0666
                                              Jkaplan@dfkfirm.com
                                              elaine@dfkfirm.com

                                              Benjamin H. Brodsky, Esq.
                                              Florida Bar No. 73748
                                              Joshua Truppman, Esq.
                                              Florida Bar No. 11795
                                              **BRODSKY FOTIU-WOJTOWICZ, PLLC**
                                              200 SE 1st Street, Suite 400
                                              Miami, Florida 33131
                                              Tel:  305-503-5054
                                              Fax: 786-749-7644
                                              bbrodsky@bfwlegal.com
                                              joshua@bfwlegal.com
                                              docketing@bfwlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on June 18, 2020, on all counsel or parties of record on the Service List below.

s/       *Benjamin H. Brodsky*
Benjamin H. Brodsky

## SERVICE LIST

Brant C. Martin
Joseph R. Callister
Ethan A. Minshull
Jessica P. Toumani
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Tel: (214) 692-6200
Fax: (214) 692-6255
*Attorneys for Plaintiffs*
brant.martin@wickphillips.com
joseph.callister@wickphillips.com
ethan.minshull@wickphillips.com
jessica.toumani@wickphillips.com

Matthew R. Beatty, Esq.
BEATTY NAVARRE STRAMA PC
901 S Mo PAC Expy Ste 200 Bldg 1
Austin, TX 78746-5759
Tel: 512-879-5050
mbeatty@bnsfirm.com

Justin B. Kaplan, Esq.
Elaine Kussurelis
DIFALCO FERNANDEZ KAPLAN
777 Brickell Avenue, Suite 630
Miami, Florida 33131
Tel.: 305-569-9800
Fax: 866-569-0666
Jkaplan@dfkfirm.com
elaine@dfkfirm.com