UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CASE NO. 20-CV-00577

EPIC TECH, LLC and WINTER SKY, LLC,

    Plaintiffs,

v.

ARNO RESOURCES, LLC,

    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER**

Defendant Arno Resources, LLC ("Arno Resources"), by and through undersigned counsel, hereby submits its reply in support of its Motion to Dismiss or Transfer (ECF No. 25).

Cutting through the vitriol and ad hominem attacks on Arno Resources, its principals, and its counsel, Plaintiffs Epic Tech, LLC and Winter Sky, LLC fail to demonstrate why their anticipatory declaratory action should not be dismissed in favor of a pending coercive suit in the Northern District of Georgia where complete relief can be provided and inconsistent judgments avoided (the "Northern District of Georgia Action").

**I.    Dismissal Is Appropriate Based on the Anticipatory Nature of this Action.**

Plaintiffs argue first that, because they did not engage in improper "procedural fencing," dismissal of their anticipatory suit would be inappropriate. Plaintiffs' argument ignores the facts and relies on inapposite law.

As to the facts, Plaintiffs *did* engage in improper procedural fencing. Three days before filing this anticipatory declaratory action—in response to Arno Resource's demand letter enclosing a draft lawsuit—Plaintiffs' counsel advised Arno Resources' counsel in writing that he was going

to review the demand and draft lawsuit with his client and "get back to you with our position." (ECF No. 25-1 at 5.) Contrary to what their counsel represented, Plaintiffs did not "get back to" Arno Resources. Instead, they ran to the courthouse. Plaintiffs completely fail to address this conduct in their Response. Having purposefully lulled Arno Resources into forbearing filing the Northern District of Georgia Action based on their suggestion that the parties were going to engage in good faith negotiations, Plaintiffs cannot contend that they are innocent of procedural gamesmanship.

As to the law, the cases relied on by Plaintiffs are inapposite and do not support their argument. *Sherwin Williams v. Holmes Cnty.,* 343 F.3d 383 (5th Cir. 2003), involved a factual situation completely different from the one at bar. There, Sherwin Williams was faced with the prospect of numerous lawsuits across the State of Mississippi from various school districts seeking damages relating to remediating lead paint. "To avoid having to litigate numerous anticipated suits in different state courts" *id.* at 386, Sherwin Williams filed a declaratory judgment action in federal court seeking a single declaratory judgment on four legal issues asserted to be common to all the suits. Under these facts, the Fifth Circuit found that Sherwin-Williams had not engaged in "impermissible procedural fencing" because the declaratory suit was properly brought to resolve issues pertinent to the suits in "one, rather than multiple, forums." *Id.* (quoting *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n*, 996 F.2d 774, 777 (5th Cir. 1993)). There are no multifarious or multi-jurisdictional suits here requiring this Court to act as a single arbiter. Plaintiffs faced one suit in Arno Resources' chosen forum and therefore had no such privilege to race to the courthouse. Plaintiffs can raise their affirmative defense of accord and satisfaction just as easily in the Northern District of Georgia Action as that could here, and, unlike Arno Resources under the reverse scenario, they would suffer no prejudice as a result.

Next, *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971) did not involve an anticipatory declaratory suit, but rather comity concerns presented by parallel patent suits and dueling injunctions issued in Texas and New York federal courts.  In *Maxum Indem. Co. v. BRW Floors, Inc.*, No. 5:15-CV-00167-RCL, 2015 WL 5881584 (W.D. Tex. Oct. 7, 2015), rather than finding that the declaratory suit had preempted a coercive action filed in another federal district, as is the case here, the evidence showed the coercive action was filed *in response* to the declaratory suit.  And in *Fid. Bank v. Mortg. Funding Corp. of Am.*, 855 F. Supp. 901 (N.D. Tex. 1994), the district court decided to contravene the preference against anticipatory declaratory suits based on the special circumstances of that case, where a number of important witnesses and documents were located in the district and the parties had agreed to jurisdiction there.  Those facts are not similar to the facts here where the underlying torts and associated conduct by Plaintiffs (and the non-parties named as defendants in the Northern District of Georgia Action) all occurred in Georgia.

In contrast to those cited by Plaintiffs in their Response, the cases Arno Resources cites in its Motion (ECF No. 25 at 7-9), and the principles of equity and sound judicial administration expressed therein, including *TK Holdings, Inc. v. Ordonez*, 2017 WL 2923829 (W.D. Tex. July 6, 2017), all support dismissal here.

II. **Dismissal or Transfer is Also Appropriate Based on Judicial Economy and to Avoid Inconsistent Judgments.**

Further fatal to their position, Plaintiffs gloss over the risk of inconsistent verdicts and the issues of judicial economy when arguing against dismissal.  Arno Resources has sued twelve defendants in the Northern District of Georgia action, including six individuals.  These individuals are citizens of Georgia and South Carolina, and Arno Resources believes that this Court may not be able to obtain personal jurisdiction over most if not all of them.

Plaintiffs do not address this dispositive point in their response brief.  Indeed, they appear

to concede it when they grouse—without any legal or factual support—that these individuals are not "*proper* parties." (ECF No. 29 at 8 (emphasis in original).)  Of course, whether the individuals and other corporate defendants in the Northern District of Georgia Action are "proper parties," whatever that means, will be judicially determined a later date.  Until that time, the Northern District of Georgia Action will proceed.  Thus, if this case is not dismissed, the duplication of judicial resources and risk of inconsistent judgments is patent.

And, significantly, Plaintiffs do not contest that they could raise in the Northern District of Georgia Action their arguments relating to the settlement agreement between the parties' predecessors-in-interest.[1]  The Northern District of Georgia is therefore the appropriate forum for resolving Arno Resources' claims.

## III.     The *Trejo* Factors Support Dismissal

Contrary to Plaintiff's arguments, the non-exclusive discretionary factors of *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994) support dismissing this declaratory action.

As to the first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, Plaintiffs contend that because the Northern District of Georgia is a federal suit, this is "fatal to [the] Motion." (ECF No. 29 at 13.)  Not so.  District courts in this circuit faced with parallel federal actions have analyzed this factor in the context of whether dismissal will leave the declaratory judgment plaintiff without a forum to present its arguments. *See, e.g.*, *Sport Supply Grp., Inc. v. R&G Prod., Inc.*, No. 3:08-CV-02031-O, 2009 WL 10677398, at *4 (N.D. Tex. Sept. 30, 2009) ("The lack of a parallel state action does not, by itself, necessitate

---

[1]     Although not relevant to the issues presented in the Motion, Plaintiffs repeatedly argue in conclusory fashion that the settlement agreement bars Arno Resources' claims.   Yet they fail to explain why a settlement agreement signed in 2007 that released only claims existing at the time would bar a suit for torts occurring years later.

4

retaining the action. Further, the pending [Middle District of] Pennsylvania action is a proper consideration when evaluating this factor because declining to hear this matter will not leave SSG without a forum to seek resolution of its contentions. This factor weighs in favor of dismissal."). Clearly, that would not be the case if this suit is dismissed because Plaintiffs could assert the same position as an affirmative defense in the Northern District of Georgia Action.

As to the second, third, and fourth factors, Plaintiffs baldly state that they did not file this suit in an inequitable effort to wrest control of the forum from Arno Resources. Yet they fail to rebut the evidence showing that they lulled Arno Resources into holding off on its coercive suit while preparing and filing their own anticipatory declaratory action.

As to the sixth and seventh factors, Plaintiffs contend that litigating the dispute will be more convenient and efficient in Texas. Yet Plaintiffs completely fail to address the reality that the Northern District of Georgia Action will proceed regardless of whether this case is dismissed, as at least some of the defendants in that action are likely not subject to this Court's personal jurisdiction. For that reason alone, convenience and efficiency favor dismissal.

As to the seventh factor, whether this Court is called on to construe a state judicial decree, Plaintiffs contend that it "is not at issue here." (ECF No. 29 at 15.) While not quite applicable, Arno Resources asserts two Georgia statutory claims in the Northern District of Georgia Action. (ECF No. 25-2.) This Court may be called to interpret and apply those statutes in the event if this action is not dismissed—the court in the Northern District of Georgia is plainly the appropriate venue for adjudicating those claims.

### IV.    Transfer, in the Alternative, Is Also Appropriate.

In opposing the alternative request for transfer, Plaintiffs first argue that Arno Resources has not satisfied the threshold question for transfer under 28 U.S.C. § 1404(a) because venue for

this action does not lie in Georgia. Plaintiffs ignore 28 U.S.C. § 1392(b)(2), which provides that an action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." A substantial part of the tortious acts giving rise to the dispute underlying this action occurred in the Northern District of Georgia where Plaintiffs are headquartered. And, plainly, had they not rushed to the courthouse, plaintiffs plainly could have brought their action as an affirmative defense in the Northern District of Georgia—and they still may do so.

As to application of the four private interests the Court may consider in determining whether to transfer this action to the Northern District of Georgia, Plaintiffs make much of the residence of Arno Resources' principals in Texas. Yet they ignore that <u>their</u> business in located in Georgia, <u>their</u> principals are residents of Georgia, and <u>the</u> <u>individual</u> <u>defendants</u> are similarly residents of Georgia or are residents of the immediately neighboring state of South Carolina. Nearly all the substantive discovery on the issues relating to Arno Resources' claims will be focused on what happened in Georgia with respect to the wrongful and improper use of its intellectual property.

Plaintiffs also completely ignore the waste of judicial and party resources that will result if this action and the Northern District of Georgia Action proceed simultaneously. This is particularly so where one of the fora has jurisdiction over all the parties (the Northern District of Georgia Action) and the other likely has jurisdiction over only two (this Declaratory Action). Additionally, it is extremely wasteful for this Court to determine a discrete issue—whether Epic Tech and Winter Sky can avail themselves of an affirmative defense of accord and satisfaction—rather than having the court in the Northern District of Georgia Action determine this issue in the context of the larger dispute and Arno Resources' coercive claims. The practical problems that

make trial of a case easy, expeditious and inexpensive therefore militate in favor of transfer to the Northern District of Georgia.

Finally, with respect to the public interest factors, Plaintiffs contend that these are neutral because their affirmative defense of accord and satisfaction relies on a settlement agreement with a Texas choice of law provision.  However, a court does not need to be uniquely versed in Texas law to read the settlement agreement and determine whether it bars Arno Resources' claim.  On the other hand, Arno Resources' claims do require a court versed in Georgia law as at least two of its causes of action arise directly out of Georgia statute.  In sum, the public interest is served by having the entire dispute decided in the Northern District of Georgia Action.

## V.     Conclusion.

As demonstrated in the Motion and the instant pleading, this action is an improper, anticipatory suit designed solely to preempt Arno Resources action against them, deny Arno Resources the opportunity for complete relief against all parties, and thwart Arno Resources' choice of forum in Northern District of Georgia. The Court should therefore exercise its discretion and either dismiss or transfer this complaint for declaratory relief.

Dated: July 8, 2020                                 Respectfully submitted,

                By:

                    */s/ Matthew R. Beatty*
                    Michael L. Navarre, Esq.
                    State Bar No. 00792711
                    Matthew R. Beatty, Esq.
                    State Bar No. 24001169
                    **BEATTY NAVARRE STRAMA PC**
                    901 S Mo PAC Expy Ste 200 Bldg 1
                    Austin, TX 78746-5759
                    Tel.: 512-879-5050
                    mbeatty@bnsfirm.com

                -and-

                    Justin B. Kaplan, Esq.
                    Florida Bar No. 33725
                    Elaine Kussurelis
                    Florida Bar No. 1019234
                    **DIFALCO FERNANDEZ KAPLAN**
                    777 Brickell Avenue, Suite 630
                    Miami, Florida 33131
                    Tel.: 305-569-9800
                    Fax: 866-569-0666
                    Jkaplan@dfkfirm.com
                    elaine@dfkfirm.com

                    Benjamin H. Brodsky, Esq.
                    Florida Bar No. 73748
                    Joshua Truppman, Esq.
                    Florida Bar No. 11795
                    **BRODSKY FOTIU-WOJTOWICZ, PLLC**
                    200 SE 1st Street, Suite 400
                    Miami, Florida 33131
                    Tel:  305-503-5054
                    Fax: 786-749-7644
                    bbrodsky@bfwlegal.com
                    joshua@bfwlegal.com
                    docketing@bfwlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on <u>July 8, 2020</u>, on all counsel or parties of record on the Service List below.

s/ <i>Benjamin H. Brodsky</i><br>Benjamin H. Brodsky

## SERVICE LIST

| | |
|---|---|
| Brant C. Martin<br>Joseph R. Callister<br>Ethan A. Minshull<br>Jessica P. Toumani<br>WICK PHILLIPS GOULD & MARTIN, LLP<br>3131 McKinney Avenue, Suite 100<br>Dallas, Texas 75204<br>Tel: (214) 692-6200<br>Fax: (214) 692-6255<br>*Attorneys for Plaintiffs*<br>brant.martin@wickphillips.com<br>joseph.callister@wickphillips.com<br>ethan.minshull@wickphillips.com<br>jessica.toumani@wickphillips.com | Matthew R. Beatty, Esq.<br>BEATTY NAVARRE STRAMA PC<br>901 S Mo PAC Expy Ste 200 Bldg 1<br>Austin, TX 78746-5759<br>Tel: 512-879-5050<br>mbeatty@bnsfirm.com<br>mnavarre@bbsfirm.com<br><br>Justin B. Kaplan, Esq.<br>Elaine Kussurelis<br>DIFALCO FERNANDEZ KAPLAN<br>777 Brickell Avenue, Suite 630<br>Miami, Florida 33131<br>Tel.: 305-569-9800<br>Fax: 866-569-0666<br>Jkaplan@dfkfirm.com<br>elaine@dfkfirm.com |

I further certify that a true and correct copy of the foregoing was served by e-mail, fax, and first-class U.S. Mail to the following parties:

Elaine Kussurelis
DIFALCO FERNANDEZ KAPLAN
777 Brickell Avenue, Suite 630
Miami, Florida 33131
Tel.: 305-569-9800
Fax: 866-569-0666
elaine@dfkfirm.com

s/ <i>Benjamin H. Brodsky</i><br>Benjamin H. Brodsky